COOK, D.B.A. R.D. COOK CO., APPELLEE, *v.* STEVENS ET AL., APPELLANTS.

(No. 87AP-157—Decided February 18, 1988.)

*Robert D. Cook, pro se.*

*Chester, Hoffman & Willcox* and *Richard A. Talda,* for appellants.

WHITESIDE, J. Defendants, Joseph and Martha Stevens, appeal

from a judgment of the Franklin County Municipal Court and raise two assignments of error as follows:

"I. The trial court erred in finding judgment in favor of the Plaintiff/Appellee Robert Cook, doing business as R.D. Cook Company, by holding that the contract in question, did not constitute a 'Home Solicitation Sale' as governed by Ohio Revised Code Sections 1345.21 through 1345.28, inclusive.

"II. The trial court erred in finding judgment in favor of Plaintiff/Appellee Cook by not dismissing his Complaint based on the Defendant/Appellant's right to cancel the Home Solicitation Sales Contract pursuant to Section 1345.22 of the Ohio Revised Code."

Plaintiff, Robert D. Cook, d.b.a. R.D. Cook Co., brought this action against defendants seeking to recover $1,000 pursuant to a contract calling for the building and installing of screen frames for windows at defendants' home, one third of the contract to be paid upon signing, one third upon delivery, and a final one third upon completion, each payment to be $416. The claim was brought in the Small Claims Division of the Franklin County Municipal Court. Defendants filed a counterclaim seeking recovery of $500 paid to plaintiff upon the grounds that the sale was a home solicitation sale and that plaintiff did not comply with the provisions of R.C. Chapter 1345. Additionally, defendant Martha Stevens sought to be dismissed upon the grounds that the contract which was the alleged subject of plaintiff's action was signed only by defendant Joseph Stevens. The matter was heard by the referee who rendered a report indicating that defendant Joseph Stevens contacted plaintiff Cook pursuant to a referral, and sought an estimate on wood frames to be placed on the home. The referee's findings indicate that although plaintiff built the screens, some of them did not fit properly, and others required so-called "filler strips."

The two assignments of error do not relate to performance of the contract by plaintiff, however, but instead relate to the issue of whether or not R.C. Chapter 1345 has been complied with. The referee refused to apply the home solicitation sales statute for reasons which are unclear, but apparently upon the predicate of R.C. 1345.21(A)(4), which provides in pertinent part that there is no home solicitation sale within the contemplation of the statute if there is a transaction in which:

"The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale."

However, the basic definition of "home solicitation sale" in R.C. 1345.21(A) includes "solicitations in response to or following an invitation by the buyer."

By the terms of the contract, the agreement was for both the building and the installing of screen frames custom made for certain windows. Obviously, such goods, custom-made screens, cannot be regularly offered or exhibited for sale at a fixed location, nor can the services, building and installing of such screens, be regularly offered or exhibited for sale at a fixed location. Necessarily, the installation services must take place at the premises of the buyer and the measurements and finality of the solicitation likewise must take place at the residence of the buyer. While there may be some instances where the exception may apply even though some portion of the total "solicitation" may take place at the residence of the buyer, this is not the case with respect to im-

provements of the nature herein involved.

Secondly, although the conclusions of law of the referee did refer to R.C. 1345.21(A)(4), there are no factual findings supporting application of that exception. The findings of fact indicate that although defendant Stevens called plaintiff Cook asking for an estimate, every other contact was at the Stevens' residence or by phone. Likewise, there is no factual determination that plaintiff Cook has a business establishment at a fixed location, the only pertinent factual finding being that although the screens were constructed in plaintiff's shop, plaintiff "does not consider" the shop "to be a 'retail store.'" Accordingly, there is no factual support for the legal conclusion that plaintiff has a business establishment at a fixed location where either the goods or services involved are regularly offered for sale, although he does have an establishment at a fixed location where he performs some of the services which he offers for sale during home solicitations. In short, even from the referee's findings, this is a classic case of a home solicitation sale. There is no factual foundation in the referee's report for a contrary conclusion, the only possible conclusion from the referee's finding being that the sale involved here was a "home solicitation sale" within the definition of R.C. 1345.21(A) and that none of the exceptions, including that set forth in R.C. 1345.21(A)(4), is applicable.

Additionally, plaintiff has failed to file a timely brief herein. Pursuant to App. R. 18(C) where the appellee has failed to file a timely brief, this court may consider the statement of the case in the appellant's brief to be sufficient to demonstrate the error, and if justified by that statement reverse the judgment predicated solely upon appellant's brief. Nevertheless, in examining both the record and appellant's brief, we sustain only the first assignment of error predicated thereon. That is the finding that the trial court erred in holding the contract in question does not constitute a home solicitation sale pursuant to R.C. 1345.21 through 1345.28. However, as to the second assignment of error, we find it to be premature to consider or sustain such assignment of error, namely that the trial court should have dismissed the complaint based upon defendants' right to cancel the home solicitation sales contract pursuant to R.C. 1345.22, since there are possibly issues of fact pertinent thereto. First, quite obviously, in cancelling a home solicitation sale, defendants are not entitled both to cancel the contract and to keep the screens without payment therefor. Indications are that defendants still have the screens, although they may be unsatisfactory. The cancellation notice does not cover the question of return of the screens or what happens to them but instead merely purports to cancel the agreement. Accordingly, we find the second assignment of error not to be well-taken at this time because it is premature, the trial court not having ruled upon all the salient issues raised by that assignment of error, instead having erroneously concluded as a matter of law, not supported by the factual findings, that the transaction did not constitute a home solicitation sale.

For the foregoing reasons, the first assignment of error is sustained, and the second assignment of error is overruled, and the judgment of the Franklin County Municipal Court is reversed and this cause is remanded to that court for further proceedings in accordance with the law consistent with this decision.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH and BOWMAN, JJ., concur.